[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff, Riverside-Shavell Realty, Inc., seeks a prejudgment remedy to secure its claim against defendant Beverly Ellsley, Inc., for a real estate commission. The defendant, opposing the request, contends that the listing agreement upon which the plaintiff relies can not be the basis of a cause of action because the agreement does not comply with the CT Page 6227-q requirements of General Statutes 20-325a(b). The court agrees with the defendant.
The listing agreement, which the parties executed in November of 1992, provides that a commission will be due plaintiff "if during the term of the agreement" the plaintiff produces a person ready, willing and able to buy the defendant's property. The agreement also provides that it is to be effective from November 15, 1991, to November 15, 1992. By written agreements, the parties extended the term of the listing to December 8, 1992. Before the agreement expired, the plaintiff agency showed the property to Betsy and Ron Taylor. Sometime after December 8th, the defendant listed the property with another brokerage firm. On April 19, 1993, the defendant entered into a contact with Betsy and Ron Taylor for the sale of the property. The plaintiff claims it is due a commission on this sale.
The plaintiff bases its claim for a commission on an amendment to the listing agreement which is dated December 8, 1992. The amendment of December 8th provides in part that a CT Page 6227-r commission is due plaintiff should plaintiff "sell" the property to Betsy and Ron Taylor "even if the closing occurs after the date of the expiration of said listing agreement." What is not stated in the amendment is the time within which the plaintiff must sell the property to the Taylors. The plaintiff argues that the parties intended to allow plaintiff a reasonable time within which to sell the property to the Taylors and further argues that the time had not expired when the defendant signed the contract with the Taylors. The defendant claims, among other things, that the amendment to the listing agreement does not comply with General Statutes 20-325a(b).
When a real estate broker or salesperson brings an action based on a listing agreement, the broker or salesperson must show that the agreement satisfies the requirements of20-325a(b). This statute provides in subsection 4 that the listing agreement must "contain the conditions of such contract or authorization." Clearly, an essential condition, that is, the time for performance, is missing from the amendment of December 8th. Accordingly, the court concludes the agreement is unenforceable. CT Page 6227-s
The application for a prejudgment remedy is denied.
THIM, JUDGE